UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **HEEJUN SHIN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:25-CV-2471-B** |
| | § | |
| **SAMSUNG ELECTRONICS AMERICA, INC.,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Samsung Electronics America, Inc. ("Samsung")'s Partial Motion to Dismiss (Doc. 7). For the reasons detailed below, the Motion is **GRANTED** in part and **DENIED** in part.

## I.

## BACKGROUND

This is an employment dispute. Plaintiff Heejun Shin, a 55-year-old Korean male, worked at Samsung as a Senior Director in the Mobile Production Center. Doc. 1, Compl. ¶¶ 4.01-4.02. In 2015, as part of his job, Shin received an Apple MacBook that he would use to check connectivity whenever a new product was released. *See id.* ¶ 4.04. This task was often done by Samsung employees from multiple locations, including at the Samsung facility and at their homes. *See id.* ¶ 4.05. In 2023, Samsung performed an audit on the facility where Shin worked as part of a restructuring process. *Id.* ¶ 4.07. While performing the audit, the audit team discovered a text sent in 2018 or 2019 from Shin's daughter to Shin. *Id.* ¶ 4.10. In the text message, Shin's daughter asked Shin to bring the

MacBook home. *Id.* Because of the message, the auditors demanded Shin inform them of whether he took the device home. *Id.* ¶ 4.11. Although Shin could not remember if he had taken the device home, the audit team "coerced" Shin "into providing a statement saying he had taken the device home." *Id.* As a result, Samsung concluded that Shin had used the device for personal reasons and terminated him for "an alleged violation of company policy regarding the proper use of company devices." *Id.* ¶ 4.12.

Shin alleges that Samsung's real reason for terminating him was because of his national origin and age. *Id.* ¶¶ 6.01-7.04. He points out that three other Korean employees, two of them also over the age of 50, were terminated "during the same time period." *Id.* ¶ 4.14. Shin also alleges that another Korean employee of age 48 "violated the same policy" but was not terminated. *Id.* ¶ 4.13.

Certain employees at Samsung are "eligible" for annual bonuses. *Id.* ¶ 4.16. For example, prior to his termination, Shin received annual bonuses over $150,000. *Id.* Samsung terminated Shin just before an upcoming August bonus payment, thereby excluding him from receiving a "2024 target bonus" of roughly $84,000. *Id.*

By the present action, Shin asserts three claims against Samsung: (1) national-origin discrimination under Title VII, 42 U.S.C. § 2000e *et seq.*; (2) age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*; and (3) breach of contract. *See id.* ¶¶ 6.01-8.01. Samsung moves to dismiss Shin's national-origin discrimination and breach of contract claims under Rule 12(b)(6). *See* Doc. 7, Mot., 1. The Court considers Samsung's Motion below.

## II.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 12(b)(6) authorizes a defendant to seek dismissal of a plaintiff's complaint for "failure to state a claim upon which relief can be granted." In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation modified).

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). When well-pleaded facts fail to meet this standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (citation modified).

## III.

## ANALYSIS

The Court **GRANTS in part and DENIES in part** Samsung's Partial Motion to Dismiss and **DISMISSES** Shin's claim for national-origin discrimination **WITHOUT PREJUDICE**.

*A. The Court Dismisses Shin's National-Origin Discrimination Claim.*

A plaintiff can establish discrimination under Title VII by alleging and ultimately proving that he or she was treated worse than others not of his or her protected class. *See Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 766 (5th Cir. 2019). At the motion-to-dismiss stage, a plaintiff must "plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make his case plausible." *Chhim v. Univ. of Tex. at Aus.*, 836 F.3d 467, 470 (5th Cir. 2016) (citations omitted). The ultimate elements of a disparate treatment claim are "(1) an adverse employment action, (2) taken against a plaintiff because of her protected status." *Cicalese*, 924 F.3d at 767 (citation modified). To plead the first element, a plaintiff need only plausibly allege "discrimination in hiring, firing, compensation, or in the 'terms, conditions, or privileges' of his or her employment." *Hamilton v. Dallas Cnty.*, 79 F.4th 494, 502-03 (5th Cir. 2023) (en banc) (other citation omitted) (quoting 42 U.S.C. § 2000e-2(a)(1)). To plead the second element, the plaintiff must allege facts that suggest the employer's actions were based on the plaintiff's protected status—here, national origin—or that the employer "treated similarly situated employees of other . . . national origin more favorably." *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013). However, "the plausibility of a discrimination claim does not hinge on alleging a comparator." *Jenkins v. City of Dallas*, 717 F. Supp. 3d 528, 537 (N.D. Tex. 2024) (Boyle, J.) (citations omitted).

Shin plausibly alleges an adverse employment action because he was terminated. *See Hamilton*, 79 F.4th at 502; Doc. 1, Compl. ¶ 4.12. The issue then is whether he has plausibly alleged that he was terminated *because* of his national origin. As explained below, the Court determines that dismissal of the discrimination claim is proper because Shin has not alleged facts that would make the second element plausible.

Shin alleges no facts or specific incidents that support an inference that Samsung terminated him because he is Korean. Shin's claim that "Samsung terminated Shin due to his . . . country of national origin Korea," Doc. 1, Compl. ¶ 4.20, is a conclusory allegation void of any supporting facts. *See Iqbal*, 556 U.S. at 678. Allegations that the audit team was sent by Samsung Headquarters based in Korea and that three other Korean employees were terminated do not alone support a plausible inference that Shin was fired because of his national origin. Doc. 1, Compl. ¶¶ 4.08, 4.14.

Shin appears to rely on a theory of discrimination that Samsung is applying the Korean cultural retirement standard to Korean employees but not to employees of other national origins. *See id.* ¶ 4.20. However, Shin does not allege facts that plausibly support that theory. For example, Shin does not make any factual allegations that Samsung made comments or otherwise expressed an intention to terminate Korean employees based on this theory. Although Shin provides examples of two other Korean employees of similar age being terminated, Doc. 1, Compl. ¶¶ 4.08, 4.14, Shin fails to offer any facts that suggest that Samsung retained non-Korean employees of a similar age and thus, "treated similarly situated employees of other . . . national origins more favorably." *Raj*, 714 F.3d at 331. Consequently, Shin's complaint amounts to mere speculation, which is not sufficient to support a plausible inference of discrimination. Thus, Shin's allegations do not support a plausible inference that Samsung fired him because he is Korean. *See id.*

Without allegations that Samsung took the adverse employment action against Shin because of his protected status, Shin "has failed to raise [his] right to relief above the speculative level." *Id.* (citation omitted). Accordingly, the Court dismisses Shin's discrimination claim.

*B. Shin Plausibly Alleges a Breach of Contract Claim.*

The Court denies Samsung's motion to dismiss for breach of contract. Under Texas law, the elements of a breach of contract claim are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff resulting from that breach." *Crose v. Humana Ins.*, 823 F.3d 344, 347 (5th Cir. 2016) (citation omitted). To plead the existence of a valid contract, the plaintiff must allege: (1) an offer, (2) an acceptance in strict compliance with the terms of the offer, (3) a meeting of the minds, (4) each party's consent to the terms, and (5) execution and delivery of the contract with the intent that it be mutual and binding. *Searcy v. DDA, Inc.*, 201 S.W.3d 319, 322 (Tex. App.—Dallas 2006, pet. ref'd n.r.e.) (citation omitted).

Here, Shin alleges facts that permit a plausible inference that a contractual agreement for the payment of a bonus between himself and Samsung exists. He contends that, in failing to pay him his earned bonus, Samsung breached the "employment agreement." Doc. 1, Compl. ¶ 8.01. To support this, he asserts that employees were "eligible for a significant amount of bonuses," and that his "target bonus," based on his performance for 2024, would have been $84,000. *Id.* ¶ 4.16. Further, he contends that Samsung "fail[ed] to pay such amount." *Id.* ¶ 8.01. Based on those allegations, the Court can plausibly infer that Samsung had a contractual obligation to pay Shin a bonus and, in failing to do so, it breached the agreement and caused damages to Shin.

Samsung asserts that Shin's breach of contract claim should be dismissed because he failed to point to a "specific provision of any particular agreement that was allegedly breached." Doc. 13, Reply, 6. However, "while litigants should, when possible, identify specific contractual provisions alleged to have been breached, Rule 8 does not require that level of granularity." *Sanchez Oil & Gas Corp. v. Crescent Drilling & Prod., Inc.*, 7 F.4th 301, 309 (5th Cir. 2021) (citing *Innova Hosp. S.A., Ltd. P'ship v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 731-32 (5th Cir. 2018)). Here, Shin has satisfied that pleading standard.[1] Accordingly, the Court denies Samsung's motion to dismiss for breach of contract.

C. *The Court Grants Shin Leave to Amend the Complaint.*

The Court grants Shin leave to amend as to his national-origin discrimination claim. "[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). District courts give plaintiffs leave to amend their complaints "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, this liberal standard is "tempered by the necessary power of a district court to manage a case." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

When deciding whether to grant leave to amend, district courts consider the following factors: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and

[1] Samsung cites cases that import state substantive law into the pleading standard. *See* Doc. 13, Reply, 6. However, "federal law is the key to the pleading standards." *See Sanchez*, 7 F.4th at 309. Indeed, Fifth Circuit precedent does not require plaintiffs to plead the specific breached provision as long as the pleading is more than conclusory. *See, e.g., Sanchez*, 7 F.4th 301 at 309; *Innova*, 892 F.3d at 731-32.

futility of amendment." *Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998) (citations and emphasis omitted). Granting leave to amend a complaint is futile if "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000) (citations omitted).

Shin has not yet amended his claims, and granting leave to amend would not be futile because Shin could, with more facts, allege a plausible Title VII claim. Accordingly, the Court grants Shin leave to amend as to his national-origin discrimination claim.

## IV.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS in part** Samsung's Partial Motion to Dismiss (Doc. 7) and **DISMISSES** Shin's Title VII claim **WITHOUT PREJUDICE**. Shin's breach of contract and ADEA claim will proceed.

Should Shin elect to file an amended complaint, he must do so on or before **September 3, 2026**. After that deadline has passed, he will have to request leave from the Court.

**SO ORDERED.**

**SIGNED: August 17, 2026.**

JANE J. BOYLE
SENIOR UNITED STATES DISTRICT JUDGE